NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BRENDAN M. MCGUINNESS,

    Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS FOR
NEW JERSEY & IOWA, *et al.*

    Defendants.

Civil Action No. 23-2719 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

This matter comes before the Court on Plaintiff Brendan M. McGuinness's amended complaint in this prisoner civil rights matter. (ECF No. 8.) As Plaintiff has been granted *in forma pauperis* status in this matter, (*see* ECF No. 4), this Court is required by 28 U.S.C. § 1915(e)(2)(B) to screen Plaintiff's amended complaint and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

## I. BACKGROUND

Plaintiff is a convicted state prisoner currently serving a life sentence issued in Iowa for murder. (ECF No. 8 at 2.) In 2020, pursuant to an interstate compact, Plaintiff was transferred to New Jersey State Prison. (*Id.* at 4.) Plaintiff has remained detained in New Jersey since that time. (*Id.*) While incarcerated in New Jersey, Plaintiff found that the local law library did not have

materials related to Iowa state laws and judicial procedures. (*Id.*) Plaintiff therefore contacted officials in Iowa asking to be provided with materials to aid in divorce and state post-conviction relief proceedings. (*Id.* at 4-6.) These efforts did not result in his being provided any substantial amount of aid in pursuing his legal claims in Iowa, and Plaintiff asserts that Iowa officials largely ignored his requests. (*Id.* at 6-8.) Plaintiff alleges that this resulted in "actual damage in both his criminal postconviction action as well as his divorce matter," but does not allege any specific claim or case lost as a result of the lack of an Iowa law library in New Jersey. (*Id.* at 7.) Plaintiff seeks to raise a denial of access to the Courts claim against the Iowa officials based on these allegations.

Additionally, Plaintiff alleges that he has a history of bipolar disorder and self-harm. (*Id.* at 7-8.) Despite this recognized history, he has on several occasions been placed in restrictive housing for four separate 90-day periods over the last few years because of prison disciplinary proceedings and repeated attempts at self-harm, each of which was approved by the prison's mental health staff. (*Id.* at 8-12.) Plaintiff was also penalized 200 days' loss of phone access. (*Id.*) Plaintiff states that his four punitive 90-day restrictive housing placements amount to unconstitutional confinement in violation of the Eighth Amendment and seeks to raise this claim against New Jersey State Prison, the New Jersey Department of Corrections, the prison's mental health staff, and the prison officials who entered or affirmed the punitive sanctions in prison disciplinary proceedings and appeals. (*Id.*) Plaintiff bases his belief that these separate 90-day placements violate his Eighth Amendment rights largely on a state statute, New Jersey's Isolated Confinement Restriction Act ("ICRA"), which limits the amount of time prisoners are to be held in solitary confinement.[1] (*Id.* at 11-13.) Plaintiff also asserts that such placements amount to a

---

[1] Plaintiff believes that placements in the prison's Restorative Housing Unit (RHU) amount to solitary or isolated confinement subject to regulation under the ICRA. The New Jersey Appellate Division, however, has recently found that disciplinary placements in the RHU fail to meet the statute's definition of isolated or solitary confinement, and are thus not subject to its restrictions.

violation because they did not adequately consider his history of self-harm, though he admits that mental health staff approved each of the placements. (*Id.*)

Finally, Plaintiff seeks to raise a number of state law claims including medical malpractice claims against the New Jersey State Prison mental health doctors, Defendants Drs. Harmin and Patel, as well as for violations of the ICRA and prison regulations limiting restrictions on telephone access. (*Id.* at 14-15.)

## II.    LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

---

*See, e.g., Patiounga v. New Jersey Dep't of Corr.*, No. A-1137-24, 2025 WL 3439657, at * 3 (N.J. App. Div. Dec. 1, 2025).

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.    **<u>DISCUSSION</u>**

In his complaint, Plaintiff seeks to raise two federal claims: that the lack of access to an Iowa based law library has violated his First Amendment right to access to the courts, and that his repeat 90-day placements in restrictive housing units violates his rights under the Eighth Amendment. Initially, the Court notes that, in addition to individual state employees, Plaintiff names as Defendants in this matter the New Jersey and Iowa Departments of Corrections. As arms of the state, both Departments are immune from suit under the Eleventh Amendment and are in any event not proper defendants in a civil rights matter. *See, e.g., Will v. Michigan Dep't of State Pol.*, 491 U.S. 58, 70-71 (1989); *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health &*

*Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Both Departments must therefore be dismissed from this matter with prejudice.

Turning to Plaintiff's access to the courts claim, as one court in this District has explained,

> the Supreme Court has held that incarcerated individuals have a right of access to the courts under the First Amendment. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). As part of this right, incarcerated individuals are generally entitled to either law libraries or adequate assistance from persons with some level of legal training. *Id.* The right of access to the Courts, however, is not unlimited – it requires only that the detained be permitted the ability to litigate criminal charges or civil rights claims related to their conditions of confinement – the "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of . . . incarceration." *Id.* at 355. Even where an individual alleges facts suggesting he has not been provided sufficient legal assistance in the form of legal aid or a law library, he will not be able to make out a claim for denial of access to the courts unless he alleges facts establishing actual in jury – i.e., that he has lost some legal claim or case as a result of the inadequate facilities. *Id.* at 348-51; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997); *see also Bragg v. Ann Klein Forensic Ctr.*, No. 09-3743, 2010 WL 4366255, at *4 (D.N.J. Oct. 28, 2010).

*Lopez v. Morrison*, No. 22-6607, 2022 WL 17417120, at * 2 (D.N.J. Dec. 5, 2022).

In his amended complaint, Plaintiff alleges that lack of an Iowa paralegal or Iowa legal materials in New Jersey has hampered his ability to seek relief in the Iowa courts in his divorce and post-conviction relief proceedings. To the extent Petitioner has a claim related to divorce proceedings, he has no right to legal materials in the prison law library addressing that type of case. Loss or impairment of the ability to litigate a divorce proceeding does not violate a prisoner's right of access to the courts. *Id.* (quoting *Lewis*, 518 U.S. at 355). Likewise, although Plaintiff asserts he has suffered "actual damage" in criminal post-conviction proceedings, he has not alleged any facts regarding what claims or cases he may have lost as a result of the limited law library access. Likewise, to the extent Plaintiff has appointed counsel in those post-conviction relief

proceedings, the requirement of legal aid would be met notwithstanding the lack of Iowa materials in the New Jersey State Prison law library.  Thus, without a clear allegation that Plaintiff's lack of Iowa legal materials caused him to lose a specific claim or case to which he has a right to an adequate law library, Plaintiff fails to state a plausible claim for relief, and his access to the courts claim must be dismissed without prejudice.

Plaintiff next alleges that his Eighth Amendment rights were violated by his placement in pre-hearing detention and his multiple instances of punitive housing placements following prison disciplinary hearings which he alleges violated state law.  The Eighth Amendment does not mandate comfortable prisons, and a convicted prisoner's rights under the Eighth Amendment will therefore only be violated where the conditions of his confinement deprive him of "the minimal civilized measure of life's necessities."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted, quoting *Rhodes v. Chapman*, 452 U.S 337 (1981)); *see also Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x 75, 79 (3d Cir. 2014).  A claim under the Eighth Amendment challenging imposed conditions thus has two elements – that the conditions under which a petitioner was housed deprived him of the minimal civilized measure of life's necessities, and that the defendants each acted with at least deliberate indifference to the conditions in question. *Wilson*, 501 U.S. at 298-303; *Watson*, 567 F. App'x at 79; *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *3 (D.N.J. Oct. 2, 2012). Sufficiently serious conditions are those which "pos[e] a substantial risk of serious harm" to the plaintiff.  *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020).

Because placement in punitive, segregated housing units during or after a guilty finding in prison disciplinary proceedings does not present an "atypical and significant hardship on [an] inmate in relation to the ordinary incidents of prison life," such a placement generally will not suffice to even implicate a liberty interest sufficient to trigger Due Process protection, let alone

amount to an Eighth Amendment violation. *See Sandin v. Conner*, 515 U.S. 472, 483-86 (1995); *see also Williams v. Bitner*, 307 F. App'x 609, 610-11 (3d Cir. 2009) (90-day disciplinary segregation placement following an infraction is not an atypical or significant hardship). Placement in solitary confinement with little to no meaningful contact with other people for truly prolonged periods of time, however, may amount to a violation in light of all relevant circumstances. *Porter*, 973 F.3d at 442-44.

In his complaint, Plaintiff contends that he was placed into two separate restrictive units – one used to house inmates awaiting disciplinary proceedings and the RHU, which is used for those placed into punitive segregation as a result of a prison disciplinary infraction. His confinement in these units was the result of four different prison infractions, involving the possession of contraband or incidents of self-harm. Plaintiff believes these placements were improper not because he did not commit infractions, but rather in light of a history of self-harm and bipolar disorder. By Plaintiff's own admission, however, he has engaged in self-harm both in and out of restrictive housing units which do not appear to be clearly tied to restrictive housing so much as they appear to be a response to Plaintiff's general dissatisfaction with his circumstances. (*See, e.g.* ECF No. 8 at 9-10.) Likewise, Plaintiff alleges that, in each instance in which he was to be confined to a restrictive housing unit, prison officials consulted the prison's mental health staff, who cleared him for placement in those units.

That Plaintiff was placed into punitive housing for four stints related to four separate disciplinary violations does not in and of itself amount to a violation of Plaintiff's rights. Likewise, that Plaintiff believes that these placements violate state regulations or statutes likewise is largely irrelevant to his federal constitutional claims, and relevant state court decisions suggest that his interpretation of those state statutes is not correct in any event. *See Patiounga*, 2025 WL 3439657, at * 3 (finding that RHU placement did not meet the ICRA's definition of isolated confinement

and did not implicate the statute's protections).  Although Plaintiff did apparently spend nearly an entire year in restrictive housing, it was not a result of a single incident, nor was it the result of a placement without thought, consideration, or protective process – it was instead the result of Plaintiff's repeated disciplinary violations.  Thus the length or number of placements alone is not sufficient to permit the inference of an Eighth Amendment violation in this case.

Even if the Court assumes, *arguendo*, that Plaintiff's repeated placement in restrictive housing coupled with his history of mental illness and self-harm sufficiently indicates that placement in restrictive housing posed a substantial risk of harm to Plaintiff, he has not provided sufficient allegations to indicate that the remaining named Defendants – an Iowa interstate compact coordinator, several prison administrators, and two prison mental health professionals – were sufficiently deliberately indifferent to state a plausible claim for relief.  As noted above, mental health was consulted for each of Plaintiff's placements and approved them, and although Plaintiff did hurt himself while in restrictive housing, he repeatedly hurt himself in the prison regardless of whether he was in such a unit or in the general population, and its not clear from the facts provided that any of the named Defendants, including the two mental health professionals knew or should have known that Plaintiff's outbursts were specifically tied to restrictive placements.  Without clearer factual information about what he told those doctors, or what information beyond the mere disciplinary record the other Defendants possessed which may have put them on notice of the risk specifically entailed by restrictive placements in light of the approval by mental health staff, Plaintiff fails to plead sufficient facts at this time to permit the inference of deliberate indifference.

Plaintiff's Eighth Amendment claims related to his restrictive housing placements are therefore dismissed without prejudice at this time.[2]  Because this Court will dismiss both of the

---

[2] Plaintiff also adds to his Eighth Amendment claim the fact that in one instance he was sanctioned with 200 days' loss of phone access.  The loss of phone access as a prison disciplinary punishment,

claims raised in this matter over which the Court has original jurisdiction, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.SC. § 1367(c)(3). Plaintiff's amended complaint shall therefore be dismissed without prejudice in its entirety. Plaintiff is granted leave to file an amended complaint within thirty days.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 8) is dismissed without prejudice for failure to state a claim for which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Date: March 2, 2026

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

however, generally will not amount to a sufficiently "extreme deprivation" to support an Eighth Amendment claim. *See Castillo v. FBOP FCI Fort Dix*, 221 F. App'x 172, 175-76 (3d Cir. 2007). Even if the Court aggregates that loss with the punitive confinement issue, the loss of phone privileges is not so significant that it would in any way change this Court's evaluation of Plaintiff's Eighth Amendment claim.